[Beyer v. Reesor.]

*Long* and *Stevens,* for plaintiff in error, cited 2 *Whart.* 246 ; 7 *Watts* 563; 1 *Binn.* 364; 6 *Johns.* 112; 7 *Watts* 159; 3 *Bro. Chan.* 240.

*Frazer,* contra, cited 9 *Watts* 529 ; 16 *Serg. & Rawle* 60 ; 7 *Watts* 217 ; 4 *Whart.* 22 ; 3 *Whart.* 309.

PER CURIAM.—The reasons given for the opinion of the Common Pleas are so full to the purpose, and in such entire accordance with the sentiments of this court, that nothing material remains to be added.  Were not the real estate of a wife involved in the question, it might admit of the possibility of a doubt whether filing the certificate of record is an integrant part of the act, which dispenses with the husband's duty to give the security, though the words of the statute naturally and necessarily import that it is. It is put on a footing with the separate examination, declaration and certificate; all of which are to be perfected before the wife's title is devested.  But were the statute less explicit, the policy which has induced this court to exact a strict compliance with the requirements of the statutes in respect to conveyances of the wife's land, as well as to restrain her from exercising a power over her separate estate not contained in the settlement, would induce us to decide the point before us in favour of the defendants.  We are of opinion, therefore, that the filing of the certificate after the wife's death, was not a compliance with the statute.

Judgment affirmed.

## Lancaster County *against* Roberts.

Criminals sentenced to confinement at labour in the Eastern Penitentiary, must be removed there at the expense of the county where they are convicted.

ERROR to the District Court of *Lancaster* county.

This was an action by Anthony E. Roberts, late sheriff of Lancaster county, against the County of Lancaster, to recover $326.50, the expenses of removing several convicts, who had been sentenced while he was in office, to solitary confinement at labour in the Eastern Penitentiary for a period of one year or longer.  The question was, whether the county was liable for this expense.

HAYS, President, decided that the plaintiff was entitled to recover, and directed a judgment accordingly.

*Long,* for plaintiff in error.
*Ellmaker,* contra.

PER CURIAM.—The opinion of the District Court is correct; the Act of 1831 is express, that the expenses of removals shall be paid by the county.

Judgment affirmed.

## Muirhead *against* Kirkpatrick.

A set-off is in the nature of a cross-action, and may be withdrawn, in analogy to suffering a nonsuit, where the evidence is found to be too weak to support it: but like a nonsuit, the withdrawal of it ought to be explicit.

ERROR to the District Court of *Lancaster* county.

William Muirhead against William Kirkpatrick. This was an action of debt founded on a promissory note not exceeding $372.44. The defendant pleaded payment and set-off. On the trial the defendant gave in evidence an account of Ephraim Kirkpatrick against the plaintiff, which had been assigned to William Kirkpatrick the defendant before suit brought, amounting to $192.50. To repel the effect of the evidence of this set-off, the plaintiff gave in evidence the record of another action between the same parties brought to the same term, which had been referred to arbitrators, who made an award in favour of the plaintiff for $187.80, from which there was no appeal. The plaintiff in this suit called witnesses to prove that the set-off now given in evidence was claimed by the defendant and passed upon by the arbitrators in the former suit: what did occur before the arbitrators was testified to as follows:

S. Parke, Esq. sworn. I was employed by William Kirkpatrick in a suit when the arbitrators met at Kauffman's. Whitehill, Carpenter and Musser were arbitrators. Mr Frazer gave in evidence the note, which we didn't deny. I then rose and stated what our defence would be. Mr Johnson was called and proved the execution of this assignment. I then called Ephraim Kirkpatrick. Mr Frazer asked me what I intended to prove by Kirkpatrick. I mentioned that we intended to prove the various matters and items of the account assigned. Mr Frazer objected, and we made, I think, two speeches. The arbitrators then went out to consult on the objection. Afterwards they returned, and Squire Musser, who had taken this assignment, laid it on the table and said, " we have agreed to dispense with the testimony of Kirkpatrick." I then said, " we will then dispense with our further attendance upon the arbitrators," and I then took up this paper and the other papers, put them in my pocket, and left the