## Stephens *against* The County of Bradford.

The expenses of removing one who is convicted of forgery to the Eastern Penitentiary, must be paid out of the State treasury, by the provisions of the Act of 23d April 1829.

ERROR to the Common Pleas of *Bradford* county.

Ira H. Stephens, sheriff of Bradford county, against The County of Bradford. This suit was brought to recover the expenses of removing George Peters, who was convicted of forgery, to the Eastern Penitentiary at Philadelphia; and the only question was whether, under the Acts of Assembly, the county or the State was liable to pay the same. The court below (CONYNGHAM, President) was of opinion that the county was not liable, and therefore rendered a judgment for the defendant.

*Sanderson,* for plaintiff in error, referred to *Purd. Dig.* 456–63, title *Jail, secs.* 3 *and* 5; 5 *Watts* 505.

*Elwell,* contra.

The opinion of the Court was delivered by

SERGEANT, J.—On examining the provisions of our laws respecting the removal of criminals to their place of confinement, we are satisfied that the conclusions to which the court below came are right. The system of discriminating as to the expenses of removal between the higher and other grades of offences, which was adopted when the State penitentiaries were completed, has never been repealed by any subsequent Act, as will appear by tracing the progress of our legislation. The Act of 5th April 1790 was the first which introduced the punishment of hard labour and solitary confinement in the jail of the county of Philadelphia; and by the 34th section of that Act, any felon convicted in any county of the State, other than Philadelphia county, of any felony for which he was sentenced to hard labour, might be removed to that jail at the expense of the county. In the year 1818 the new system of State penitentiaries was commenced, by passing the Act of the 3d

[Stephens v. The County of Bradford.]

March 1818 for erecting a State penitentiary in Allegheny, opposite Pittsburg. On the 20th March 1821, an Act was passed to provide for the erection of a State penitentiary within the city and county of Philadelphia. That having been erected, the Act of the 23d April 1829, sec. 2, declares that every person convicted in any court in the Eastern District, of murder in the second degree, manslaughter, high treason, arson, rape, sodomy or buggery, burglary, *forgery*, passing counterfeit money, robbery, kidnapping, mayhem, horse-stealing, and perjury, shall be sentenced to the State penitentiary for the Eastern District, in the county of Philadelphia, and for that purpose be removed thither at the expense of the State.

All offenders under the grades herein enumerated still continued, by virtue of the existing laws, to be sent as before to the county prison in Walnut street, which came to be denominated " the jail and penitentiary house of Philadelphia," as appears by the 3d section of the Act of 10th April 1826, and the 8th section of the Act of 30th March 1831, and the 5th section of the Act of 28th March 1831, in which it is so termed. In the year 1831, however, the Legislature determined to enlarge the buildings of the State penitentiary for the Eastern District, and to send thither another class of convicts, in addition to those which had been provided for by the Act of the 23d April 1829. Accordingly, the Act of the 18th March 1831, sec. 3, declares that criminals whose punishment would be imprisonment in the jail and penitentiary house of Philadelphia for one year or more, shall be sent to the State penitentiary for the Eastern District; whilst, by sec. 4, every person convicted in the Eastern District of any crime whose punishment under the present laws would be imprisonment in the jail and penitentiary house of Philadelphia for any term less than one year, is to be sentenced to the county jail of the proper county. Then comes, in the 5th section, the provision for the expenses of removal of those mentioned in the 3d section, and it is enacted that criminals sentenced under the 3d section are to be removed to the State penitentiary at the expense of the proper county.

It is then only criminals sentenced to the Eastern Penitentiary under the 3d section of the Act of 28th March 1831—that is to say, those whose punishment would otherwise be imprisonment in the jail and penitentiary house in Philadelphia for one year or more, or that class under the higher grades enumerated in the Act of 1829—whose removal is to be paid for by the county in which they are sentenced, and as to them only does it provide. It does not repeal or modify in the least degree the enactments of the Act of 23d April 1829, in relation to the offences of a higher grade there mentioned, and they must continue to be paid for under that Act out of the State treasury, or they cannot be paid for at all by virtue of any existing enactments. Forgery is one of the offences specifically enumerated in the Act of 23d April 1829, and

therefore the expenses of removal in the case before us are to be defrayed by the State treasury, and not by the defendants, the county of Bradford.

The case of *Lancaster County* v. *Roberts*, (5 *Watts & Serg.*505), which has been referred to on the part of the plaintiff, appears to have decided the same principle. That suit was brought to recover the expenses of convicts sentenced to the Eastern Penitentiary for a period of one year or more, and the sheriff's recovery against the county was affirmed here expressly on the footing of the Act of 28th March 1831. It would therefore seem that they were not sentenced for the offences of the high grades specially enumerated in the Act of 23d April 1829.

Judgment affirmed.